UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID A. CORDEN D/B/A INOVA and D/B/A INOVA SYSTEMS; and DAVID A. CORDEN and BARBARA L. CORDEN, CO-TRUSTEES OF THE CORDEN FAMILY REVOCABLE TRUST,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>LLOYD, GERSTNER & PARTNERS, LLC; LG&P, LLC; DAVID LLOYD and ROBERT GERSTNER, partners; each of the above entities and partners d/b/a LG&P IN-STORE AGENCY or LG&P IN-STORE AGENCY, U.S.A.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 15-cv-3157 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs', David Corden, doing busines as Inova and Inova Systems as well as co-trustee of the Corden Family Revocable Trust along with Barbara Corden (henceforth "Cordens"), Motion for Leave to File a First Amended Complaint (ECF No. 58). The grant of a motion to amend is within the discretion of the District Court.[1] Federal Rule of Civil Procedure 15(a)(2) permits a party to amend when justice so requires.[2] The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on its merits rather than on technicalities.[3] The Court heard argument on this motion on December 14, 2016 and, for the reasons set forth below, Plaintiffs' motion is GRANTED.

---

[1] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] *See* FED. R. CIV. P. 15(a)(2).
[3] *See Dole v. Acro Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Plaintiffs first brought this action in Tennessee, in January of 2014 alleging that Defendants, Lloyd, Gerstner & Partners, LLC; LG&P, LLC; and David Lloyd and Robert Gerstner individually and in their capacity doing business as LG&P In-Store Agency and LG&P In-Store Agency, U.S.A. (collectively "Defendants") had violated the Agreement to Sell the INOVA Wall System (henceforth "Agreement"). The deadline to amend the pleadings was November 28, 2016. (*See* ECF No. 57.) Plaintiff filed the instant motion on September 22, 2016. Plaintiffs have moved to amend their Complaint based on Defendants' refusal to include drawings and specifications relating to derivatives of the wall system. (Brief, at 3.) Plaintiffs maintain they are entitled to royalty payments under the Agreement for all products sold by Defendants using Mr. Corden's design. Plaintiffs allege breaches of the Agreement based on a failure to fully account for NEXT products sold, selling such products under a different name, or selling products based on the INOVA design without attributing royalty payments to Plaintiffs. (Brief, at 3.) Plaintiffs maintain that by including paragraph twenty-seven[4] in the amended complaint it is clarifying each of these claims for purposes of discovery.

Defendants, in their Opposition Brief (ECF No. 61), argue that amending the Complaint will "rewrite the Agreement and thus is futile." (Opp. Brief, at 1.) They maintain that "the Agreement only applies to the specific wall system developed and patented by David Corden" and does not include derivatives developed from that system. (Opp. Brief, at 8.) Defendants believe adding paragraph 27 to the Complaint is futile because even if Defendants "continued to sell products based on or derived from Corden's designs" the Agreement has no post-Agreement contractual obligations after termination. (Opp. Brief, at 11.) Moreover, Defendants believe the

---

[4] "The Agreement includes within its scope and terms "the wall system and derivatives thereof." Upon information and belief Plaintiffs allege that Defendants have breached the Agreement by marketing, manufacturing and selling, and continuing to market, manufacture and sell, products based upon or derived from Corden's designs without accounting for or paying royalties to Plaintiffs there for." *See* First Amended Complaint ¶ 27 (ECF No. 58-2).

amendment will be prejudicial because it will lead to discovery of highly confidential business information.

An amendment is futile if it fails to state a claim upon which relief may be granted or advances a claim that is legally insufficient on its face. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Thus, the Court applies the standard set forth in Rule 12(b)(6) and "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007) (citing *In re Alpharma, Inc. Sec. Litig.*, 372 F.3d 137, 153-54 (3d Cir. 2004)). Plaintiffs' amended pleading is sufficient on its face to meet the 12(b)(6) threshold and amending the complaint will not prejudice Defendants because any confidentiality concerns can be resolved by a protective order.

**ACCORDINGLY, IT IS** on this 28th day of December, 2016,

**ORDERED** the Motion for Leave to File a First Amended Complaint is **GRANTED**;

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 58.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**